# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 7
                                          :
Cormello, LLC                             :    Case No. 10-77459-tjt
                                          :
          Debtors.                        :    Judge Thomas J. Tucker
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## ORDER GRANTING IN PART AND DENYING IN PART THE CHARTER TOWNSHIP OF YPSILANTI'S MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY PROVISIONS OF 11 USC §362(a) DO NOT APPLY TO WASHTENAW CIRCUIT COURT CASE *CHARTER TOWNSHIP OF YPSILANTI V CORMELLO*, LLC, et al., CASE NO. 08-990-CZ

This case came before the Court for an expedited hearing on December 23, 2010, on the motion filed by the Charter Township of Ypsilanti (Docket # 8, the "Motion"), which seeks a determination that the automatic stay does not apply to certain litigation that the Township wishes to pursue in state court against the Debtor. At the conclusion of the hearing, the Court delivered a bench opinion. For the reasons stated in that bench opinion,

**IT IS ORDERED** that the Motion (Docket # 8) is granted in part and denied in part, to the extent of the relief provided by, and expressly denied by, this Order, and otherwise is denied.

**IT IS FURTHER ORDERED** that, and the Court determines that, based on 11 U.S.C. § 362(b)(4), and subject to the other provisions of this Order, the automatic stay provisions of 11 U.S.C. § 362(a) do not preclude the Charter Township of Ypsilanti from seeking any of the relief sought by the Township against Debtor or against Dominic D'Mello in the Washtenaw County Circuit Court Case No. 08-990-CZ, *Charter Township of Ypsilanti v Cormello, LLC, et al.*, in the "Relief Requested" section, Parts A-I, of the Emergency Motion filed on or about December 13,

2010 (a copy of which is attached as an exhibit to the Motion,) which is currently pending before the state court.

**IT IS FURTHER ORDERED** that the Township is not precluded from seeking any remedies against Debtor for relief in the nature of civil contempt, penalties or otherwise, including but not limited to the *entry* of a money judgment against Debtor, which may include fines, costs and/or other penalties, provided the judgment is obtained and the relief granted are part of the proceedings in state court and the Township does not seek to *enforce* any money judgment against Debtor. The *entry* of an order or judgment awarding monetary relief against the Debtor, without more, will not be a violation of the automatic stay provisions of the Bankruptcy Code or this Order.

**IT IS FURTHER ORDERED** that the Township may not take any action to *enforce* against the Debtor any provisions of any orders and/or judgments for monetary relief, unless relief from stay is obtained from this Court in a future order. Any actions taken by the Township to enforce an order compelling the Debtor to remediate the property, for contempt due to the Debtor's failure to comply with any remediation orders, or actions by the Township itself to remediate the property, *will not* be considered actions attempting to *enforce* any provision for monetary relief obtained in an order or judgment.

**IT IS FURTHER ORDERED** that the Township's request to lift the stay as it pertains to any act to create, perfect, or enforce any lien against the property, *see* 11 U.S.C. § 362(a)(4) and (5), is denied at this time, without prejudice, and the Township is not precluded from renewing its request by a new motion at a later date, or from requesting by motion in the future that the Court lift the automatic stay that applies under either 11 U.S.C. § 362(a)(4) or (5), pertaining to any lien the Township believes it may have or that may arise in the future.

**IT IS FURTHER ORDERED** that none of the following actions by the Township will be considered a violation of the automatic stay provisions under 11 U.S.C. § 362(a)(4) or (5): undertaking any action to remediate the real property at issue; or obtaining any judgment against Debtor for monetary relief or otherwise, which may include provisions for contempt of the state court's orders, and civil fines or penalties assessed, even if such actions may be necessary steps in *giving rise* to a lien against the property.

**IT IS FURTHER ORDERED** that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to any actions against Debtor's sole member and resident agent, Dominic D'Mello, unless and until he has filed a bankruptcy petition on his own behalf.

**IT IS FURTHER ORDERED** that this Order is effective immediately upon entry. The provisions of Fed.R.Bankr.P. 4001(a)(3) do not apply to this Order.

**Signed on December 23, 2010**　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**